[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #106 MOTION TO DISMISS
The appellee, Gretchen Pulverman, the nonresident executrix of the estate of Mary Jane Watson, moves to dismiss this appeal on the ground that the appellant, Watson B. Metcalfe, failed to properly serve and file this appeal within thirty days of the February 5, 2001, order and decree of the Probate Court, Tobin, J., as required by General Statutes §§45a-186[1] and 45a-187.[2] The record reveals that: (1) on February 26, 2001, the appellee was served pursuant to General Statutes § 52-59b
and the service was returned to this court on March 2, 2001; and (2) on March 9, 2001, more than thirty days after the Probate Court's order and decree, the appellant served the appellee pursuant to General Statutes § 52-60 and the service was returned to this court on March 21, 2001.
The appellant argues that the February 26, 2001, service was both timely and proper because the appellant transacted business in Connecticut, within the meaning of § 52-59b (a).[3] Furthermore the appellant argues that the supplemental service pursuant to § 52-60[4]
was merely a precautionary measure intended to ensure receipt of service. Finally, the appellant argues that even if service upon the appellee was untimely, the appeal cannot be dismissed by virtue of the savings provision of General Statutes § 52-593a.[5]
This court notes that even if it were to find that service on a nonresident executrix pursuant to § 52-59b was a permissible method of service, the appellant has not shown facts indicating that the appellee transacted business in Connecticut, within the meaning of §52-59b (a). See Knipple v. Viking Communications, 236 Conn. 602, 607,674 A.2d 426 (1996) (party asserting jurisdiction over nonresident individual pursuant to § 52-59b bears burden of proving court's jurisdiction); see also Rivers Edge Condominium Association v. Gorman,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343282 (September 26, 1997, West, J.) (court dismissed action where plaintiff failed to serve nonresident executor pursuant to § 52-60 and failed to provide factual support for asserting jurisdiction pursuant to § 52-59b). This court finds, therefore, that service was properly effectuated pursuant to § 52-60 on March 9, 2001. However, this court also finds that such service was untimely as it occurred more than thirty days after the Probate Court's order and decree. Moreover, this court finds that the appellant cannot benefit from the extra fifteen day period afforded by the savings provision of § 52-593a, as the statute requires sworn proof of the date that process was delivered by the appellant to the marshal or officer authorized to serve the process. § 52-593a (b). In this case, neither the officer who made the service pursuant to § 52-59b nor the officer who made the service pursuant to § 52-60 endorsed under oath on their returns the date of delivery ofCT Page 10471the process to such officer. Consequently, this court has insufficient evidence to calculate whether the appellant's service pursuant to §52-60 would be rendered timely by application of § 52-593a and therefore, this court finds that § 52-593a cannot save this appeal from dismissal.
In summary, this court finds that the appellant failed to effectuate timely and proper service on the appellee. Accordingly, the appellee's motion to dismiss is hereby granted.
MINTZ, J.